AUSA: Jeanine Brunson  Telephone: (313) 226-9100
AO 91 (Rev. 11/11) Criminal Complaint   Special Agent: Christopher Pennisi  Telephone: (313) 965-2323

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Randy Sisco

Case No.  2:22-mj-30156
Judge: Unassigned,
Filed: 03-24-2022

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 22, 2022__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
see attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Christopher S. Pennisi, Special Agent (FBI)
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: March 24, 2022

_Judge's signature_

City and state: Detroit, Michigan

Hon. Anthony P. Patti, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A COMPLAINT AND ARREST WARRANT

I, Christopher S. Pennisi, being duly sworn, depose and state as follows:

### I.  INTRODUCTION

1. I have been employed as a Special Agent of the Federal Bureau of Investigation (FBI) for sixteen years, and am currently assigned to the Violent Crime Squad in the Detroit Division of the FBI.

2. I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2501(7), that is, an officer of the United States who is empowered by the law to conduct investigations of and to make arrests for the offenses enumerated in 18 U.S.C. § 2516.

3. I have investigated federal violations concerning crimes of violence and firearms. I have gained experience through training and everyday work related to these types of investigations.

4. The statements contained in this affidavit are based on my experience and background as a special agent and on information provided by police officers, other agents of the FBI, and other law enforcement personnel. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all of facts known to law enforcement related to this investigation.

5. This affidavit is made in support of a criminal complaint charging RANDY SISCO with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

## II.     SUMMARY OF THE INVESTIGATION

6. On March 22, 2022, uniformed officers of the Detroit Police Department in a fully marked scout car attempted to conduct a traffic stop on a 2008 Pontiac G6 near the intersection of Scotten Street and Scovel Place in the City of Detroit. The stop was initiated because the car did not have a license plate.

7. The driver initially pulled over, then drove off at a high rate of speed once the officers exited their vehicle.

8. Another Detroit Police officer, who was in the area in an unmarked car conducting surveillance on an unrelated investigation, observed the Pontiac G6 flee the traffic stop, and began to follow it.

9. As the unmarked car continued to follow the Pontiac G6, the driver, later identified as RANDY SISCO, picked up speed until he reached over 100 miles per hour.

10. The officer in the unmarked car fell behind SISCO, but observed him turn southbound onto 24th Street, approximately one-half mile from the initial traffic stop at Scotten Street and Scovel Place.

11. As the officer turned onto 24th Street, he observed SISCO, still in the G6, stuck in the mud near the intersection of 24th Street and McGraw Avenue. The officer then activated his emergency lights and attempted to take SISCO into custody.

12. The officer in the unmarked car exited his vehicle and approached SISCO, identified himself as a police officer and then ordered SISCO to stop. Instead, SISCO exited his vehicle and fled on foot into a park.

13. The officer got back into his unmarked car and followed SISCO until he observed SISCO reach into his pants and draw a handgun. Fearing for his safety, the officer in the unmarked car bumped SISCO with the car hard enough to dislodge the gun from his hand, but not so hard that he immediately fell.

14. Although the unmarked car was not equipped with an in-car camera, the scout car that initially attempted to stop SISCO had a functioning camera and was close enough to capture the moment the unmarked car bumped him. The below are still images of the gun dislodging from SISCO's hand and falling to the ground.

 

15. SISCO eventually fell to the grass, whereupon he was taken into custody by all three pursuing officers. After he was placed into handcuffs, an officer retrieved the handgun that SISCO dropped in view of his body camera. The below is a still image depicting retrieval of the gun:



4

16. The firearm was examined and found to be a loaded, Sturm Ruger, Security Six, .357 magnum revolver.

17. Sturm Ruger manufactures the Security Six revolver outside the state of Michigan.

18. On March 15, 2011, SISCO pled guilty to violating Michigan Compiled Law 750.110A2, First Degree Felony Home Invasion, for which he was sentenced to one to fifteen years in prison, and Michigan Compiled Law 750.227B-A, Felony Firearm, for which he was sentenced to two years in jail.

19. On October 11, 2011, SISCO pled guilty to violating Michigan Compiled Law 333.74012A4, Controlled Substance Dealing/Manufacturing, for which he was sentenced to one year in jail.

20. Pursuant to MCL 750.110, a person who violates 750.110A2 is guilty of a felony "punishable by imprisonment for not more than twenty years."

21. Pursuant to MCL 750.227 (3), a person who violates 750.227 is guilty of a felony "punishable by imprisonment for not more than five years."

22. Pursuant to MCL 333.7401, a person who violates 333.74012A4 is guilty of a felony "punishable by imprisonment for not more than twenty years."

### III. CONCLUSION

23. Based on the above information, probable cause exists that SISCO possessed a firearm, knowing that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, to-wit: a felony offense, in violation of 18 U.S.C. § 922(g).

24. In consideration of the foregoing, I respectfully request that this Court issue a complaint against SISCO for violation of 18 U.S.C. § 922(g).

25. Further in consideration of the foregoing, I respectfully request that this Court issue an arrest warrant for SISCO for violation of 18 U.S.C. § 922(g).

Respectfully submitted,

_____
Christopher S. Pennisi, Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
HONORABLE ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

Date: March 24, 2022